UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

SHELON BAPTISTE,

        Plaintiff,

        -against-

OFFICER CHRISTIAN GONZALEZ 9620,

        Defendant.

---------------------------------------------------------------

**ORDER**

17 Civ. 6837 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

    Pro se Plaintiff Sheila Baptiste[1] brings this Section 1983 action against New York City Police Department ("NYPD") Officer Christian Gonzalez. Baptiste asserts that Officer Gonzalez hit her in the head with handcuffs in a Manhattan courthouse. (Am. Cmplt. (Dkt. No. 10) at 5)

    In a May 10, 2018 order, the Court granted Plaintiff's request to proceed in forma pauperis solely for the purpose of allowing the U.S. Marshals Service to perform service of process. (Dkt. No. 12) In an April 25, 2019 order, this Court authorized service of process on Defendant at an address provided by the Corporation Counsel's Office. (Dkt. No. 17)

    On May 30, 2019, the Corporation Counsel's Office filed a notice of appearance, which it had served on Plaintiff at the Brooklyn Detention Center. (Dkt. Nos. 18-19) Defendant was served with the Complaint by the U.S. Marshals Service on June 7, 2019. (Dkt. No. 20)

---

[1] According to Defendant, "Plaintiff's first name changed from Shelon to Sheila when Plaintiff was transferred to New York State Department of Corrections and Community Supervision custody." (August 26, 2019 Def. Ltr. (Dkt. No. 23) at 3 n.3) The name "Sheila" is also reflected on the New York State Department of Corrections and Community Supervision's inmate lookup. In a Notice of Change of Address, Plaintiff states that her "real name" is Sean Anglin, but Plaintiff does not otherwise use that name. (Dkt. No. 15) Accordingly, although the case is captioned "Shelon Baptiste," this Court will use feminine pronouns in referencing Plaintiff.

On June 17, 2019, Defendant attempted to file a motion to dismiss for failure to prosecute. The motion was rejected due to a filing error, however, and the motion was not properly filed until August 26, 2019. (Dkt. Nos. 21, 23)

Defendant's motion to dismiss is premised on Plaintiff's failure to update her address. (June 17, 2019 Def. Ltr. (Dkt. No. 21) at 2)[2] Plaintiff last updated her address on August 14, 2018, when she informed the Court that her address was the Brooklyn Detention Center, 275 Atlantic Ave., Brooklyn, New York 11201. (Dkt. No. 15) According to Defendant, Plaintiff's address changed several times soon thereafter:

> [O]n August 16, 2018, Plaintiff was transferred from the Brooklyn Detention Complex to the Rose M. Singer Center. Plaintiff failed to notify the Court of her updated address. Thereafter, on October 18, 2018, upon information and belief, Plaintiff was transferred from New York City Department of Correction ("DOC") custody to New York State Department of Correction and Community Supervision ("DOCCS") custody. (Civil Docket Entry No. 18, at 1 n 1.) Plaintiff again failed to notify the Court of that updated address. Finally, on or about March 14, 2019, Plaintiff was conditionally released on parole from DOCCS custody. Plaintiff again failed to notify the Court of that updated address.

(June 17, 2019 Def. Ltr. (Dkt. No. 21) at 2)

Consistent with Defendant's representations, the court's docket states that the April 25, 2019 Order of Service was returned as undeliverable for the following reason: "[Return to Sender]. Paroled, No Longer Here." (May 10, 2019 Dkt. Entry) The New York State Department of Corrections and Community Supervision's inmate lookup tool also indicates that Plaintiff was released to parole on March 14, 2019.

Federal Rule of Civil Procedure 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court

---

[2] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

2

order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors":

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

Here, these factors weigh in favor of dismissal without prejudice. "The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). Here, Plaintiff has failed to update her address for over a year-and-a-half, despite having moved several times. Although Plaintiff was incarcerated for part of this period, she was released on parole on March 14, 2019, and accordingly has had ample time to update her address but has not done so. Plaintiff's failure to maintain a current address with the Court has caused significant delay in this case, which was transferred to this District in October 2017. See Laney v. Ramirez, No. 10 Civ. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (citing Baker v. Smartwood, 9:00 Civ. 1189 (GTS) (GJD), 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008) ("[D]urations of time as brief as four months have been held to be sufficient to weigh in favor of dismissal.") (collecting cases)); Bridgeforth v. Thayer, No. 12 Civ. 519 (GTS) (RFT), 2012 WL 2909693, at *1-2 (N.D.N.Y. July 16, 2012) (applying these factors to dismiss complaint for failure to comply with court order and for failure

3

to prosecute where plaintiff failed to notify court of new address within two months of his release from custody).

Under the second factor, "[t]he question . . . is whether [Plaintiff] received notice 'that further delays would result in dismissal.'" U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180). Here, this Court's May 10, 2018 Order of Service warned Plaintiff that she "must notify the Court in writing if [her] address changes, and the Court may dismiss the action if [she] fails to do so." (Dkt. No. 12) While this Court's April 25, 2019 Order of Service – which contained the same warning – was returned to sender, the May 10, 2018 order was not. Accordingly, Plaintiff had notice that her case would be dismissed if she did not maintain a current address with the Court.

The next factor – whether Defendant is "likely to be prejudiced by further delay" – also weighs in favor of dismissal. "Defendant[] should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000); see also Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) ("[P]rejudice resulting from unreasonable delay may be presumed as a matter of law." (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982))). Moreover, "[b]ecause dismissal here is without prejudice, the plaintiff will not be prejudiced by dismissal, and [her] right to a fair chance to be heard will be protected." Laney, 2011 WL 6594491, at *1.

Finally, the Court finds that lesser sanctions would be ineffective. Since this Court has no way to contact Plaintiff, an additional order for her to update her address will have no effect. "The Court has no reason to suspect that Plaintiff would be responsive if lesser

sanctions or court orders were imposed. Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless." Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 CIV 2390 LAP, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.")); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [as][c]ourt orders and direction have not prompted plaintiff to move [her] case forward.")). This factor therefore weighs in favor of dismissal.

Viewing the record as a whole, and having considered each of the relevant factors, the Court concludes that dismissal for failure to prosecute is an appropriate sanction at this time.

## CONCLUSION

For the reasons stated above, this action is dismissed without prejudice. The Clerk of Court is directed to terminate the motion (Dkt. No. 23), close this case, and mail a copy of this Order by certified mail to pro se Plaintiff.

Dated: New York, New York
       March 11, 2020                     SO ORDERED.

                                                  Paul G. Gardephe
                                                  United States District Judge